1 David A. Berstein (State Bar No. 204472)
2 J. R. Dimuzio (State Bar No. 299803)
3 BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
4 Newport Beach, California 92660
5 Tel.: 949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com*

Attorneys for Plaintiff PETUNIA PRODUCTS, INC.
*d/b/a* BILLION DOLLAR BROWS

James G. Sammataro (State Bar No. 204882)
PRYOR CASHMAN, LLP
1801 Century Park East, Suite 2400
Los Angeles, California 90067
T: 714.248.5612
E-mail: *jsammataro@pryorcashman.com*

Attorneys for Defendant CITY BEAUTY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETUNIA PRODUCTS, INC. *d/b/a* BILLION DOLLAR BROWS, a California corporation<br><br>    Plaintiff,<br><br>  v.<br><br>CITY BEAUTY, LLC, a California limited liability company; and DOES 1 THROUGH 20<br><br>    Defendants. | Case No. 8:21-cv-00440-DOC-KES<br><br>**ORDER RE STIPULATED**<br><br>**PROTECTIVE ORDER** |

---

STIPULATED PROTECTIVE ORDER

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby agree to this Stipulated Protective Order ("<u>Protective Order</u>"). The parties acknowledge that this "Protective Order" does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and precedent. The parties further acknowledge, as set forth in Section 12.3, below, that this "Protective Order" does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This case includes claims by the Plaintiff, Petunia Products, Inc. *d/b/a* Billion Dollar Brows ("<u>Petunia</u>") against Defendant, City Beauty, LLC ("<u>City Beauty</u>") for federal trademark infringement (15 U.S.C. § 1114), false designation of origin/federal unfair competition (15 U.S.C. § 1125(a)), federal trademark dilution (15 U.S.C. § 1125(c)(1), trademark infringement in violation of Cal. Business & Professions Code §14200 *et seq*.; trademark dilution in violation of Cal. Business & Professions Code §14200 *et seq*., false advertising in violation of Cal. Business & Professions Code §17500 *et seq*. and violation of Cal. Business & Professions Code §17200 *et seq*. As a result, this action is likely to involve trade secrets, customer and pricing lists, sales techniques and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and

from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, and material or information that is subject to a written independent obligation of confidentiality. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: This action, assigned Case No.: 8:21-cv-00440.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this "Protective Order".

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

1  Statement. "HIGHLY CONFIDENTIAL INFORMATION" is information which belongs to a Designating Party who has a good faith basis to believe that such information, if known by the party to whom it is disclosed, would be inherently harmful to the Designating Party's business, privacy or other protected interests and, in addition, would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL".

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

STIPULATED PROTECTIVE ORDER

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this "Protective Order" cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This "Protective Order" does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this "Protective Order" shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall

be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this "Protective Order" must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this "Protective Order".

If it comes to the Designating Party's attention that information or items that it designated for protection does not qualify for protection, the Designating Party must promptly withdraw the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this "Protective Order", Disclosure or Discovery Material that qualifies for protection under this "Protective Order" must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this "Protective Order" requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "<u>CONFIDENTIAL legend</u>") or "HIGHLY CONFIDENTIAL" (hereinafter "<u>HIGHLY CONFIDENTIAL legend</u>"), to each page

that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this "Protective Order". Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions, Parties and deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential or Highly Confidential to the extent the Party or deponent believes they contain material or information entitled to that protection. Confidential or Highly Confidential information within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the deposition transcript that the Party or deponent designates as Confidential and/or Highly Confidential to the party who took the deposition and to the court reporter. Audiovisual recordings, irrespective of the manner or medium of the recording, of depositions are deemed "Confidential" under this "Protective Order" and shall not be made public or otherwise exhibited or disclosed except when, as and if played in open court or as may permitted by further order of the Court. If the Party

or deponent believes an audiovisual recording of a deposition contains material or information entitled to Highly Confidential protection, the Party or deponent may designate the portions Highly Confidential by sending a letter within thirty (30) days after receipt of the audiovisual recording, to the party who took the deposition and to the videographer indicating by time code or by reference to the deposition transcript the portion or portions of the audiovisual recording that the Party or deponent designates as Highly Confidential. Until the expiration of the 30-day period during which such designations may be made, both the transcript and any audiovisual recording of the deposition will be treated as subject to protection as Highly Confidential under this "Protective Order" that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. In no event shall video of depositions be used for any purposes other than presenting evidence at trial.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this "Protective Order" for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this "Protective Order".

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with any Scheduling Order issued by the Court.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this "Protective Order". When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this "Protective Order".

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this "Protective Order") of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and "Protective Order" to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  Court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and "Protective Order" to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and "Protective Order" to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to those identified in Sections 7(a), (c)-(g) and (i), above, and 7(h) above to the extent counsel has a good faith belief that the witness currently has or would be expected to have knowledge of the contents of the document, or of its subject matter, and to no one else.

7.3 Audiovisual Recordings of Depositions. Audiovisual recordings, irrespective of the manner or medium of the recording, of depositions are deemed "Confidential" under this "Protective Order" and shall not be made public or otherwise exhibited or disclosed except when, as and if played in open court or as may permitted by further order of the Court.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this "Protective Order". Such notification shall include a copy of this "Protective Order"; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action

- 10 –

STIPULATED PROTECTIVE ORDER

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this "Protective Order" are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this "Protective Order". Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an "Protective Order" with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality "Protective Order" with a Non-Party;

(2) promptly provide the Non-Party with a copy of this "Protective Order", the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality "Protective Order" with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this "Protective Order", the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this "Protective Order", and (d) request such person or persons to execute the "Acknowledgment and "Protective Order" to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

parties reach an "Protective Order" on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their "Protective Order" in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this "Protective Order" abridges the right of any person to seek its modification in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this "Protective Order", no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this "Protective Order". Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this "Protective Order".

12.3 Neither the taking of, nor the failure to take, any action to enforce the provisions of this "Protective Order"; the failure to designate material as Confidential; nor the failure to object to any designation shall constitute a waiver of any right to seek and obtain protection or relief other than as specified in this "Protective Order" or of any claim or defense in this Action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any Designating Party or Challenging Party, is or is not entitled to particular protections, or that such information embodies trade secrets of any Designating Party or Challenging Party. The procedures set forth in this "Protective Order" shall not affect the rights of the Parties to object to discovery on any other valid grounds as asserted by the Parties and/or ruled upon by the Court by noticed motion. This stipulation does not operate as a waiver of any of the Parties' objections, arguments or rights as to any discovery requests or motions. No party will argue that this stipulation constitutes a waiver of any kind or in any way supports their position in any motion.

1    12.4 Filing Protected Material. A Party that seeks to file under seal any Protected Material in this Action must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this "Protective Order" as set forth in Section 4.

14. Any violation of this "Protective Order" may be punished by any and all

appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 3, 2021    By:    */s/ David Berstein*
David Berstein
*david@bersteinlaw,com*

*Attorneys for Plaintiff*
PETUNIA PRODUCTS, INC.
*d/b/a* BILLION DOLLAR BROWS

Dated: May 3, 2021    By:    */s/ James G. Sammataro*
James G. Sammataro
*jsammataro@pryorcashman.com*

*Attorneys for Defendant*
CITY BEAUTY, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  May 14, 2021

*Karen E. Scott*
HON. KAREN E. SCOTT
United States Magistrate Judge

- 15 –

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND "PROTECTIVE ORDER" TO BE BOUND

I, [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality "Protective Order", dated _____, and agreed upon in the parties in the litigation styled, *Petunia Products, Inc. d/b/a Billion Dollar Brows*, Case No. 8:21-cv-00440, which is currently pending in the United States District Court of the Central District of California (Southern Division) (the "Action"). I agree to comply with and to be bound by all the terms of the "Protective Order" and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this "Protective Order" to any person or entity except in strict compliance with the provisions of this "Protective Order". I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this "Protective Order", even if such enforcement proceedings occur after termination of this Action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this "Protective Order".

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. 8:21-CV-00440-DOC-KES**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5-3.2.1, which provides: "Upon the electronic filing of a document, a 'Notice of Electronic Filing' ("NEF") will be automatically generated by the CM/ECF system and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R. Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served".

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on <u>May 13, 2021</u>, at Newport Beach, California.

By: /s/ *David A. Berstein*
David A. Berstein